11cv1864 Vega Review
5/11/2012
FILED
2012 MAY 16 P 4:04
US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARRY VEGA,
  plaintiff,

v.

UNIVERSITY OF CONNECTICUT
MEDICAL CENTER, ET AL.,
  defendants.

:
:
:
:
:
:
:
:

PRISONER
CASE NO. 3:11CV1864(AVC)

## INITIAL REVIEW ORDER

The plaintiff is currently incarcerated at the Garner Correctional Institution in Somers, Connecticut ("Garner"). He has filed this action *pro se* pursuant to 42 U.S.C. § 1983 and names the University of Connecticut Medical Center, Danbury Hospital, Dr. Castro and Dr. Mark Buchanan as defendants.[1]

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] In the description of the defendants on page three of the complaint, the plaintiff lists Dr. Castro, John Doe 1, John Doe 2 and Dr. Mark Buchanan. Rule 10(a), Fed. R. Civ. P. requires that the caption of a complaint or amended complaint include the names of all parties. Because John Doe 1 and John Doe 2 are not listed in the caption of the complaint on the first page, they are not defendants in this action. Furthermore, the plaintiff does not refer to either Doe defendant in the body of the complaint.

to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that he was told that he had something growing in his lungs and that he thinks that someone told him it might be cancer. Dr. Castro ordered an x-ray and x-rays were taken at Garner and at the University of Connecticut Health Center. The plaintiff alleges that it has been over seven months and no action has been taken in response to his medical condition. He filed a grievance on March 3, 2011, but no one

responded to it. The plaintiff seeks monetary damages.

To state a claim under section 1983, plaintiff must allege facts showing that the defendants, persons acting under color of state law, deprived him of a federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982). The University of Connecticut Medical Center provides medical care to Connecticut inmates. Like other state agencies, the University of Connecticut Medical Center is not a person within the meaning of section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, (1989) (recognizing that the state and state agencies are not persons within meaning of 42 U.S.C. § 1983); Gaby v. Board of Trustees of Community Technical Colleges, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (noting decisions holding that state universities and their boards of trustees are not persons within the meaning of section 1983); Stewart v. John Dempsey Hospital, No. 3:03cv1703(WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is not a person within the meaning of section 1983). Accordingly, all claims against the University of Connecticut Medical Center are dismissed pursuant to 28 U.S.C. §1915A(b)(1).

Although Danbury Hospital, Dr. Castro and Dr. Mark Buchanan are included in the caption of the complaint, the plaintiff does not assert any allegations against Dr. Buchanan or Danbury

3

Hospital in the body of the complaint. Furthermore, the only allegation against Dr. Castro is that he ordered the plaintiff to undergo x-rays. The plaintiff has not alleged that Dr. Buchanan, Danbury Hospital or Dr. Castro have violated his constitutionally or federally protected rights. The claims against these defendants are, therefore, dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims against all defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). The clerk is directed to enter judgment for the defendants and close this case.

The court will permit the plaintiff thirty days to file a motion to reopen and an amended complaint, provided he can identify and allege the personal involvement of any medical personnel at Garner who may have denied or delayed medical treatment for his medical condition.

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this initial review order to the Connecticut Attorney General and the Department of Correction

Legal Affairs Unit and a copy of this ruling and order to the plaintiff.

**SO ORDERED** at Hartford, Connecticut this 11TH day of May, 2012.

/s/ Alfred V. Covello, USDJ
_____
Alfred V. Covello
United States District Judge